# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
05/26/2010
CT Log Number 516692888

| | |
|---|---|
| **TO:** | Michael Keating, Attorney<br>Emerson Electric Co.<br>8000 West Florissant Avenue<br>Saint Louis, MO 63136 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Electrical Reliability Services, Inc. (Domestic State: CA) |

RECEIVED MAY 28 2010 LAW DEPT.

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Exxonmobil Corporation, Pltf. vs. Electrical Reliability Services and Old Republic Insurance Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition, Civil Information |
| **COURT/AGENCY:** | 125th Judicial District Court Harris County, TX<br>Case # 201031449 |
| **NATURE OF ACTION:** | Insurance Litigation - Breach of contract, failure to comply with the terms of the Agreement and to provide insurance coverage - Request for Declaratory Judgment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/26/2010 at 09:15 |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Michasel J. Wray<br>Legge, Farrow, Kimmitt, McGrath & Brown, L.L.P.<br>6363 Woodway<br>Suite 400<br>Houston, TX 77057<br>713-917-0888 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 799520510998<br>Image SOP<br>Email Notification, Cindy Harbin cynthia.harbin@emerson.com<br>Email Notification, Patty Kuehn PATTY.KUEHN@EMERSON.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Beatrice Casarez |
| **ADDRESS:** | 350 North St Paul Street<br>Suite 2900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

```
RECEIPT NUMBER   5819        0.00
TRACKING NUMBER  72537605    CIV
```

CAUSE NUMBER   201031449

| | |
|---|---|
| PLAINTIFF: EXXONMOBIL CORPORATION<br>vs.<br>DEFENDANT: ELECTRICAL RELIABILITY SERVICES INC | In The 125th<br>Judicial District Court of<br>Harris County, Texas |

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

*SPB,*
*5-26-10*

**RECEIVED**
**MAY 28 2010**
**LAW DEPT.**

TO: ELECTRICAL RELIABILITY SERVICES INC BY SERVING ITS REGISTERED AGENT
CT CORPORATION SYSTEM
350 N ST PAUL STREET SUITE 2900 DALLAS TX 752014234

Attached is a copy of   PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the ___19th___ day of ___May___, 20__10__, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED**; you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___20th___ day of ___May___, 20__10__.

Issued at request of:
WRAY, MICHAEL JOHN
6363 WOODWAY #400
HOUSTON, TX 77057
Tel: (713) 917-0888
Bar Number: 24052191

LOREN JACKSON, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: PERKINS, KYNDRIA U    IJH/IOJ/871256

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20___, at _____ o'clock ___.M., endorsed the date of delivery thereon, and executed it at _____, _____,
                                                                (street address)              (city)
in _____ County, Texas on the _____ day of _____, 20___, at _____ o'clock ___.M.,
by delivering to _____, by delivering to its
                   (the defendant corporation named in citation)
_____, in person, whose name is _____,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                (description of petition, e.g., "Plaintiffs Original")

and with accompanying copies of _____.
                                 (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20___.

FEE: $ _____                   By: _____
                                         (signature of officer)
                                 Printed Name: _____

                                 As Deputy for: _____
_____                 (printed name & title of sheriff or constable)
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 ___.

                                                _____
                                                Notary Public

N.INT.CITC.P

2010-31449

CAUSE NO. _____

**FILED**
Loren Jackson
District Clerk

MAY 19 2010

Time: _____
Harris County, Texas
_____
Deputy

| | | |
|---|---|---|
| EXXONMOBIL CORPORATION | * | IN THE DISTRICT COURT |
| Plaintiff | * | |
| v. | * | HARRIS COUNTY, TEXAS |
| ELECTRICAL RELIABILITY SERVICES, and OLD REPUBLIC INSURANCE COMPANY | * | |
| Defendants. | * | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, ExxonMobil Corporation ("ExxonMobil"), submits the following causes of action against Defendants, Electrical Reliability Services, Inc. and Old Republic Insurance Company, and respectfully avers as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff avers that discovery should be conducted under Discovery Level 3.

### PARTIES

2. ExxonMobil Corporation is a company organized under the laws of the State of New Jersey and maintains its principal place of business in Irving, Texas.

3. Electrical Reliability Services, Inc. ("ERS") is a company organized under the laws of a state other than Texas and maintains an office at 1455 Sam Houston Parkway, Suite 150, Pasadena, Texas. ERS provides electrical service and may be served through its registered agent for service of process, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

4.      Old Republic Insurance Company ("Old Republic") is a foreign insurance company that maintains its principal place of business in Greensburg, Pennsylvania. Old Republic does business within the State of Texas and is registered with the Texas Department of Insurance. Old Republic may be served through its agent for service of process: Corporation Service Company, 211 East 7th Street, Suite 620 Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this Court.

6.      This Court has jurisdiction over ERS because ERS has purposefully availed itself of the privilege of conducting activities in the State of Texas and establishing minimum contacts sufficient to confer jurisdiction over ERS such that this Court's exercise of jurisdiction is consistent with due process. This Court has jurisdiction over Old Republic because Old Republic purposefully does business within the State of Texas by issuing policies of insurance to residents of the State of Texas. At all material times, Old Republic issued a policy of insurance to ERS.

7.      Venue is proper in Harris County pursuant to the terms of Enabling Articles of the Agreement and the General Terms and Conditions of the contract at issue. In the alternative, venue is proper under sections 15.002 and/or 15.035 of the TEX. CIV. PRACTICE & REMEDIES CODE.

## FACTS

**A.      The Agreement**

8.      ERS and ExxonMobil Global Services Company entered into a Standard Procurement Agreement for Downstream or Chemical Services with Incidental Goods (the "Agreement") dated October 20, 2008.

2

9. The Agreement consisted of several parts, which included, but were not limited to: 1) the Enabling Articles of the Agreement (the "Articles"); and (2) the General Terms and Conditions (the "General Terms").

10. The services contemplated under the Agreement consisted of "electrical work, transformer repair, bushing testing, etc."

11. As stated in Clause 4 of the Articles, the "Purpose and Operation" of the Agreement was to incorporate the terms of the Agreement, Exhibits, and Addenda into Orders issued by Affiliate [Plaintiff] as defined in Clause 1 of the General Terms to Supplier. The Affiliate that issues an Order would be considered a Purchaser under the Agreement. As defined in Clause 1(a) of the General Terms, Plaintiff is a Purchaser under Clause 4 of the Articles and ERS is a Supplier under Clause 4 of the Articles.

12. Clause 7 of the Articles provides that the Articles are governed by the law of the State of Texas, and the parties agreed to submit to the exclusive "jurisdiction of the courts of Texas, including municipal, state and/or federal courts as appropriate with respect to these Enabling Articles." Moreover, Clause 26 of the General Terms provides for the application of Texas law and states that the jurisdiction of the "municipal, state and/or federal courts, as appropriate of the State of Texas for work performed in Texas."

13. Clause 9 of the Articles provides that the Articles consist of the entirety of the parties' agreement. Moreover, this clause provides that "[t]he Agreement supersedes all prior negotiations, representations, or agreements, either oral or written, related to this Agreement." Clause 1(a) of the General Terms provides that the Order incorporates the "General Terms and Conditions and the Exhibits and Addenda selected in the Enabling Articles" and "constitutes the

3

entire agreement between Purchaser and Supplier and supersedes all prior negotiations, representations, or agreements, either oral or written, related to the subject matter of the Order."

14. ExxonMobil Chemical Company is a division of ExxonMobil Corporation. ExxonMobil Chemical Corporation issued Order No. 455059259 to ERS to perform electrical work at ExxonMobil Corporation's refinery in Beaumont, Texas dated October 13, 2008. ExxonMobil Corporation is a Purchaser under Clause 4 of the Articles and ERS is a Supplier under Clause 4 of the Articles. Clause 1(b) of the General Terms provides that "[b]y executing an Order ... Supplier agrees to the terms and conditions contained in the Order."

15. ExxonMobil Corporation meets the definition of "Affiliate" under Clause 1(e) of the General Terms.

16. Order No. 455059259 issued by ExxonMobil Chemical to ERS is within the meaning of Order as set forth in Clause 4 of the Articles and Clause 1 of the General Terms.

17. Clause 14(a) of the General Terms requires that ERS's liability insurance cover "Purchaser and Affiliates" [Plaintiff] as an additional insured in connection with ERS' performance of services under the terms of the Agreement, which would include the work set forth in Order No. 455059259. Moreover, the insurance required to be procured by ERS in compliance with Clause 14(a) was to provide primary coverage. Specifically, Clause 14(a) provides, in pertinent part, the following:

> Notwithstanding any provision of an Order to the contrary, Supplier's [ERS] liability insurance policy(ies) described above shall: (i) cover Purchaser and Affiliates [Plaintiff] as additional insureds in connection with the performance of Services; and (ii) be primary as to all other policies (including any deductibles or self-insured retentions) and self insurance which may provide coverage.

18. At all material times, Old Republic was ERS's insurer (Old Republic Insurance Policy No. #MWZY57625). Under the terms of the Agreement ExxonMobil was to have been covered as an additional insured on the Old Republic policy.

### B. The Personal Injury Suit

19. John Blake Burnham and Amy Burnham filed suit against ExxonMobil Corporation and ERS for an alleged electrical injury sustained on December 22, 2008 at an ExxonMobil facility in Beaumont. The suit is entitled *John Blake Burnham and Amy Burnham v. Exxon Mobil Corporation d/b/a Exxon Mobil*, Cause No. D183088 in the 136th Judicial District Court for Jefferson County, Texas (the "Personal Injury Suit").

20. According to the allegations of the Personal Injury Suit, Mr. Burnham was employed by the MMR Group, a subcontractor of ERS (a/k/a Emerson), and claims to have sustained an electrical shock injury at an ExxonMobil facility while ERS was performing work for ExxonMobil. Mrs. Burnham's claims are derivative of Mr. Burnham's personal injury claims. The Burnhams' claims sound under various theories of negligence.

21. The December 22, 2008 incident that constitutes the basis for the Personal Injury Suit occurred while ERS was performing work under Order No. 455059259 and while MMR was acting as ERS's subcontractor. Consequently, the terms of the Agreement, which include but are not limited to the Articles and General Terms, are applicable.

22. Although ERS was obligated to have liability insurance to cover "Purchaser and Affiliates" [Plaintiff] as an additional insured for the claims asserted in the Personal Injury Suit, ERS failed to fulfill its contractual obligation and did not provide coverage for ExxonMobil on their insurance policies for the claims asserted in the Personal Injury Suit.

23. ERS placed Old Republic Insurance Company on notice of the claims asserted in the Personal Injury Suit and ERS further placed Old Republic Insurance Company on notice of ExxonMobil Corporation's demand for defense and indemnity and for coverage as additional assured.

24. Despite being on notice of the Personal Injury Suit and on notice of ExxonMobil's demand for additional assured status, Old Republic improperly refused to provide coverage or a defense to ExxonMobil Corporation.

25. Due to the failure of ERS and Old Republic Insurance Company to comply with the terms of the Agreement and to provide insurance coverage, Plaintiff has been forced to defend and reasonably settle the Personal Injury Suit and to incur significant legal fees and defense costs.

## CAUSES OF ACTION

26. ERS is in breach of the Agreement, *inter alia*, due to its failure to comply with Clause 14 of the General Terms.

27. Based on ERS's representations made in the Agreement, Plaintiff reasonably relied on ERS's clear and unequivocal promise to procure insurance to provide coverage for the events at issue in the Personal Injury Suit. Plaintiff relied on ERS's representations that it would comply with the terms of the Agreement to their detriment.

28. Through its acts or omissions, ERS negligently failed to procure insurance as provided for in the Agreement.

29. Due to ERS's breach of contract, Plaintiff has been significantly damaged. Plaintiff's damages consist of the cost of defense of the Personal Injury Suit, to include legal

fees, and indemnity for the reasonable settlement of the Personal Injury Suit in the amount of $2.5Million.

30. Plaintiff seeks an award of attorneys' fees pursuant to Chapter 38 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

### REQUEST FOR DECLARATORY JUDGMENT

31. Plaintiff incorporates by reference all the allegations contained in Paragraphs 1 through 30 as if set forth verbatim herein.

32. An actual, justiciable controversy exists between Plaintiff ExxonMobil Corporation and Defendant ERS regarding the obligation of ERS to procure coverage for ExxonMobil and to provide coverage for the claims asserted in the Personal Injury Suit as set forth in the parties' Agreement. ExxonMobil seeks a declaration that ERS is in breach of the parties' Agreement.

33. An actual, justiciable controversy exists between Plaintiff ExxonMobil and Old Republic as to the existence of coverage for ExxonMobil Corporation under the Old Republic policy and as to Old Republic's duty to defend ExxonMobil Corporation against the claims asserted in the Personal Injury Suit. ExxonMobil seeks a declaration that Old Republic owes ExxonMobil defense and indemnity under the policy at issue.

34. ExxonMobil Plaintiff is entitled to recover its reasonable and necessary attorneys' fees under Chapter 37 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, because this is a suit for declaratory judgment.

### PRAYER

Plaintiff ExxonMobil Corporation respectfully prays that Defendants ERS and Old Republic be cited to answer herein, and that upon final hearing, the Court grant judgment for the Plaintiff as follows:

1. A declaration that ERS is in breach of the Agreement by failing to procure insurance for ExxonMobil under the Agreement.

2. A declaration that ExxonMobil is entitled to coverage under the Old Republic policy.

3. A declaration that ExxonMobil is entitled to a defense under the Old Republic policy.

4. A finding that ExxonMobil has been damaged as result of Defendants' breach of contract and/or negligence

5. An award of damages to ExxonMobil that includes, but is not limited to the costs and attorneys' fees associated with the defense of the Personal Injury Suit and the amount of the settlement of the Personal Injury Suit.

6. ExxonMobil is entitled to recover its expended or incurred costs of court in this cause.

7. ExxonMobil is awarded its reasonable and necessary attorneys' fees.

8. The Court award pre- and post-judgment interest in favor of ExxonMobil at the maximum rate allowed by law; and

9. Such other and further relief, at law or in equity, either general or special, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted:

*[signature]*

Glenn R. Legge
TBA No. 12171330
Michael J. Wray
TBA No. 24052191
Susan H. Swanson
TBA No. 24038955
Legge, Farrow, Kimmitt, McGrath & Brown, L.L.P.
6363 Woodway, Suite 400

Houston, TX  77057
Telephone:  (713) 917-0888
Facsimile:   (713) 953-9470

**ATTORNEYS FOR PLAINTIFF**

FILED
Loren Jackson
District Clerk

Cause No. 2010-31449

EXXONMOBIL CORPORATION
Plaintiff §
§ IN THE DISTRICT COURT OF
§ MAY 19 2010
ELECTRICAL RELIABILITY SERVICES, §
and OLD REPUBLIC Defendant § HARRIS COUNTY, TEXAS
INSURANCE COMPANY § Time: _____
Harris County, Texas
By _____ JUDICIAL DISTRICT
Deputy

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

Service must be obtained promptly. Notice is hereby given that, per Harris County Local Rule 3.6, any case in which no answer has been filed or default judgment signed FOUR (4) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

Type of action:  ☑ Commercial   ☐ Personal Injury   ☐ Death   ☐ Other

Check all claims pled:

| | | | |
|---|---|---|---|
| ☐ Account due | ☐ Defamation | ☐ Fraud | ☐ Products liability |
| ☐ Admiralty | ☐ Disbarment | ☐ Garnishment | ☐ Post judgment |
| ☐ Assault | ☐ Discrimination | ☐ Injunction/TRO | ☐ Railroad |
| ☐ Asbestosis | ☐ Dram shop | ☐ Insurance bad faith | ☐ Real estate |
| ☐ Auto | ☐ DTPA | ☐ Malicious prosecution | ☐ Securities fraud |
| ☐ Bill of review | ☐ Employment discharge | ☐ Malpractice/Legal | ☐ Sequestration |
| ☐ Conspiracy | ☐ Expunction | ☐ Malpractice/Medical | ☐ Silicone implant |
| ☐ Contract | ☐ False imprisonment | ☐ Name change | ☐ Tortious interference |
| ☐ Deed restriction | ☐ Foreclosure | ☐ Note | ☐ Trespass |
| ☑ Declaratory judgment | ☐ Forfeiture | ☐ Premises liability: | ☐ Workers compensation |

☑ Other BREACH OF CONTRACT, NEGLIGENCE, PROMISSORY ESTOPPEL

Has this dispute previously been in the Harris County courts?  ☑ No   ☐ Yes, in the following court: ____

Monetary damages sought   ☐ less than $50,000   ☐ 50,001 - $100,000   ☑ greater than $100,000

Estimated time needed for discovery   ☐ 0-3 months   ☐ 4-6 months   ☑ 7-12 months   ☐ >1 year
Estimated time needed for trial:   ☐ 1-2 days   ☑ 3-5 days   ☐ 6-10 days   ☐ >10 days

Are you going to request Level 3 status?   ☑ Yes   ☐ No
If yes, please state your estimate for total hours of deposition per side: ____ and the number of interrogatories needed for each party to serve on any other party: ____.

Name of party filing this cover sheet:
Signature of attorney or pro se filing cover sheet: _[signature]_
Name printed: MICHAEL J. WVNY
Phone No: 713.917.0000   Bar No: 24052191

FOR COURT USE ONLY:
Track assigned   ☐ Track 1   ☐ Track 2   ☐ Track 3
Court Coordinator ____   Date: ____